UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

A. Nicholas Georggin
Carmine Pearl, II

Attorneys Present for Defendants:

Michael Kun

**Proceedings:** **PLAINTIFFS' MOTION TO REMAND THE ACTION TO CALIFORNIA STATE COURT** (filed 05/20/10)

## I.  INTRODUCTION & BACKGROUND

On November 4, 2009, plaintiff Nicole Hollinghurst, on behalf of herself and all others similarly situated ("class members"), filed the instant class action in Los Angeles Superior Court against defendant Devanlay Retail Group (sued erroneously as Lacoste USA) and Does 1 through 500, alleging claims for (1) failure to pay wages for all time worked pursuant to Cal. Lab. Code §§ 203, 226, 558, 1194, 1194.2, 1197.1, and 2802; (2) failure to pay minimum wages pursuant to Cal. Lab. Code §§ 218.6, 1194, 1197, and 1197.1; (3) failure to provide rest breaks pursuant to Cal. Lab. Code §§ 226.7 and 516; (4) failure to provide meal periods pursuant to Cal. Lab. Code §§ 226.7, 512, and 516; (5) failure to reimburse business expenses in violation of Cal. Lab. Code §§ 450 and 2802, and Cal. Code of Regs. § 11040(9)(A); (6) late payment of all accrued wages and compensation pursuant to Cal. Lab. Code §§ 201, 202, and 203; (7) unlawful business practices, pursuant to the Cartwright Act, Cal. Bus. & Prof. Code § 16720; (8) unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et. seq.*; (9) failure to furnish proper itemized wage statements in violation of Cal. Lab. Code § 226; (10) conversion of accrued wages and compensation pursuant to Cal. Lab. Code § 226; and (11) representative action for violations of Cal. Lab. Code § 2699 on behalf of all employees.

Plaintiff brings the instant action on behalf of those who are current and former non-exempt hourly sales associates and/or stock associates of defendant and are present or former residents of California. Compl. ¶¶ 3, 16, 17. Plaintiff alleges that the number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

of class members exceeds 1,000 persons and that defendant maintains retail stores throughout California with its corporate offices located in New York. Id. ¶¶ 2, 32.

According to plaintiff, defendant illegally requires class members to work "off-the-clock." Id. ¶ 4. This practice involves rounding down clock-out time as well as requiring employees to perform work before and after clocking-out, without having to pay them for the extra time they worked. Id. Plaintiff further alleges that defendant violated California law by failing to provide class members all rest breaks and meal periods and by failing to pay wage earners for those rest breaks and meal periods that were not provided. Id. ¶¶ 5, 37, 53. Furthermore, plaintiff alleges that defendant's uniform policy, which requires employees to wear Lacoste brand clothing as a uniform while working at a Lacoste store, is a violation of various California laws, including Cal. Lab. Code §§ 450 and 2802, and Cal. Code Regs. § 11070(9)(A), because defendant never paid for or reimbursed class members for the additional uniforms they purchased that were necessary for employment.[1] Id. ¶¶ 10-12. Plaintiff also alleges that defendant's uniform policy constitutes an antitrust violation under the Cartwright Act because its practice restrains trade and commerce in the retail clothing industry by creating a class of customers who are required to purchase certain clothing as a requirement of their employment, thus creating an unfair and illegal advantage over competitors. Id. ¶ 13. The complaint is silent as to the amount in controversy. See Compl.

Defendant demurred the class action allegations in Superior Court on January 7, 2010. Notice of Removal ¶ 5. On February 11, 2010, the Superior Court overruled defendant's demurrer. Id. ¶ 7. On April 21, 2010, defendant removed the instant class action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). With regard to CAFA jurisdiction, defendant stated:

---

[1] Cal. Lab. Code § 450(a) provides that, "[n]o employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value." Cal. Lab. Code § 2802 specifies that "[a]n employer shall indemnify his or her employer for all necessary expenditures or losses incurred by the employee in direct consequences of his or her duties." Cal. Code Regs. § 11070(9)(A) requires that employers provide and maintain uniforms when they are required by the employer to be worn by the employee as a condition of employment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                                JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

> From November 4, 2005 to the present: there were approximately five hundred twenty (520) putative class members and four hundred thirty seven (437) separations of employment; the average hourly wage for putative class members was approximately nine dollars and sixty-three cents per hour ($9.63); and putative class members worked a total of approximately one hundred twenty-thousand seven hundred twenty-one (120,721) workdays and an average of approximately 39.4 workweeks per class member . . . .

Notice of Removal ¶ 58.  Based on these numbers and the allegations that plaintiff was denied two to fifteen meal and/or rest breaks per week and that she was required to work off-the-clock approximately twenty minutes to one hour per week – facts that were gathered from plaintiff's supplemental responses – defendant alleged the following calculations.  Id. ¶ 56.

   As to plaintiff's off-the-clock allegations, defendant alleges that the amount in controversy would be at least $65,766 (average of 39.4 workweeks/class member x 520 class members x 20 minutes x $9.63/hour).  Id. ¶ 59.  Defendant alleges that assuming that class members suffered at least some meal period violation on two out of three days they worked, the amount in controversy would be at least $778,904 as to meal period violations (2/3 x 120,721 workdays x $9.63/hour penalty per shift, including a meal period violation) and $1,162,543 as to rest period violations (120,721 workdays x $9.63/hour penalty per shift, including a rest period violation).  Id. ¶¶ 60, 61.  Defendant alleges that assuming that each class member could claim $100 for one piece of clothing, plaintiff's allegations for non-reimbursed business expenses would total at least $52,000 ($100 x 520 putative class members).  Id. ¶ 62.  Under the penalty provisions set forth in Cal. Lab. Code § 203, plaintiff's allegations of late payment of wages on termination would total at least $757,495 (437 former employees x 30 days x allegedly "typical" 6 hours/day x $9.63/hour).[2]  Id. ¶ 63.  Because plaintiff seeks up to three times the damages actually suffered by class members as a result of its members' alleged non-reimbursed expenses, the amount in controversy for violation of the Cartwright Act

---

   [2] Pursuant to Cal. Lab. Code § 203, employers who willfully fail to pay all wages due at the time an employee's employment is terminated may be required to pay a penalty equal to the terminated employee's daily wages for up to thirty days after termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                                    JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

would total at least $156,000 (3 x minimum of $52,000 in alleged damages for non-reimbursed business expenses claims).  Id. ¶ 64.  Upon investigation of its employment records, defendant alleges that the amount in controversy for failure to provide wage statement claims would total at least $327,150.  Id. ¶ 65; See Decl. Susan Marra.  Defendant also alleges that plaintiff's UCL claims would come to $2,076,414 (at least $65,766 in restitutionary relief for alleged off-the-clock work + at least $778,904 in restitutionary relief for alleged missed meal periods + at least $1,162,543 in restitutionary relief for alleged missed meal break periods + at least $52,000 in restitutionary relief for alleged non-reimbursed expenses).  Notice of Removal at ¶ 66.  According to defendant, the total amount in controversy would be at least $5,376,273, exclusive of attorneys' fees, punitive damages, or any other penalties plaintiff seeks to recover under Lab. Code §§ 2699, *et seq*.  Id. ¶ 67.  Upon a more detailed inquiry into its electronic time records, defendant now alleges that the amount in controversy rises to at least $8,608,810.  Opp'n at 12.

On May 20, 2010, plaintiff filed the instant motion to remand.  Defendant filed its opposition on June 7, 2010.  A reply was filed on June 14, 2010.  A hearing was held on June 28, 3010.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

    **A.    Motion for Remand**

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal.  Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pacific Railway v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2. If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

    **B.    CAFA**

As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). Under CAFA, the party seeking removal bears the burden of establishing removal jurisdiction. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006); see also Serrano v. 180 Connect, Inc., 478 F.3d 1018 (9th Cir. 2007) (holding that the proponent of federal jurisdiction bears the burden of proving jurisdiction).

The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 996 (9th Cir. 2007). The Lowdermilk court reviewed the three pleading "scenarios" discussed in Abrego Abrego affecting the amount in controversy determination and applicable standards of review. Id. at 998. In the first scenario, "where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego, 443 F.3d at 690; see also Lowdermilk, 479 F.3d at 997 (reserving the preponderance of the evidence standard only for those situations where the plaintiff does not seek a specific amount in damages). In the second scenario, if the complaint alleges damages in excess of the federal amount in controversy requirement, the requirement is presumptively satisfied unless "it appears to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Abrego Abrego. 443 F.3d at 683 n. 8.  Finally, when plaintiff has pled damages less than the jurisdictional amount, "the party seeking removal must prove with 'legal certainty' that the amount in controversy is satisfied, notwithstanding the prayer for relief in the complaint."[3] Lowdermilk, 479 F.3d at 996, 998-99.  Attorneys' fees may be included with damages for purposes of determining whether CAFA's jurisdictional minimum is met, where an award of attorneys' fees is authorized by the underlying state statute.  Id. at 1000 (citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 155-56 (9th Cir. 1998)).

### III.  DISCUSSION

#### A.  Timeliness and Waiver of Removal

Plaintiff moves to remand on the basis that defendant's notice of removal was untimely because it was not made within thirty days of service of plaintiff's complaint. Mot. at 3.  While defendant was served with plaintiff's complaint on December 8, 2009, defendant did not remove the action to federal court until April 21, 2010, more than five months later.  Id. at 4.  Plaintiff therefore asserts that even though the complaint was silent as to the amount in controversy, because it alleged many violations and a 1,000 person class size, defendant had sufficient facts from the outset to ascertain that the case was removable as it could have been deduced from the face of the pleadings that the amount in controversy would have presumably met CAFA's $5 million threshold.  See Mot. at 4. (citing Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir.

---

[3] "By adopting 'legal certainty' as the standard of proof, we guard the presumption against federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court," and such a standard "also maintains symmetry in our rules requiring legal certainty as the standard of proof" in that "we already require that a defendant seeking remand for a case initially filed in federal court must show with 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Lowdermilk, 479 F.3d at 998-99.  Thus, when the damages sought by plaintiff appear from the four corners of the complaint to be less than the jurisdictional amount, the defendant seeking removal "must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction" by showing plaintiff is legally certain to recover at least five million dollars, assuming proof of liability.  Id. at 999.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

2001)) (holding that a case is removable from the outset when a complaint enables the defendant to intelligently ascertain removability from the face of the pleadings). Furthermore, plaintiff argues that defendant waived its right to remove by filing a demurrer to dismiss the class action allegations in state court, an action that manifested its intent to have the matter adjudicated there. Id. at 8.

Defendant responds that it did timely remove because it was not able to ascertain removability until April 12, 2010, when it received supplemental discovery responses that provided it with the information it needed to establish the jurisdictional amount. Opp'n at 5. In those responses, defendant asserts that plaintiff set forth for the first time estimates as to how frequently she claimed defendant violated California's break laws and how frequently she had been made to work off-the-clock. Id. Defendant further asserts that plaintiff alleged for the first time in her supplemental discovery responses that class members were actually prohibited from taking meal and rest breaks, an allegation that defendant alleges was not contained in the complaint.[4] Id. at 6. Defendant argues that because the time to remove is only triggered when the basis for removal is made unequivocally clear and certain in a written document, the removal clock actually started on April 12, 2010, in which case defendant had thirty days from that date to remove. Id. at 4-5 (citing Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005)). Defendant concludes that it therefore met that deadline by filing to remove on April 21, 2010. As a result, defendant also responds that it did not waive its right to remove by filing a demurrer in state court on January 7, 2010 because no basis for removal had been established until after defendant filed its demurrer. Opp'n at 7.

The thirty day time limit for removal "'starts to run from a defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction.'" Durham v. Lockheed Martin Corp., 445 F.3d

---

[4] In her reply, plaintiff claims that defendant's argument that it was not until receipt of plaintiff's discovery responses that defendant learned of a new allegation of a common policy to prohibit employees from taking daily meal periods and rest breaks, is undermined by a plain reading of plaintiff's complaint, which states that class members were "prevented" from taking all daily meal periods and rest breaks. Reply at 2. The Court agrees with plaintiff that using the word "prohibit" rather than "prevented" as alleged in the complaint does not recast the statutory claims as originally pled by plaintiffs because the words are synonymous. Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

1247, 1250 (9th Cir. 2006) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)).  Otherwise, the clock does not run until "a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." Id. (quoting 28 U.S.C. § 1446(b)).  Failure to remove when the state court action was first removable then waives the right to remove.  Hubbard v. Union Oil Co., 601 F. Supp. 790, 795 (S.D. W. Va. 1985).  "[S]ubsequent events do not make it 'more removable' or 'again removable.'"  Id.  A defendant may also waive his right to remove "'by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in the tribunal before filing a notice of removal with the federal court.'"  Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting Charles A. Wright, et al., 14B Federal Practice & Procedure § 3721 (2003)).

      Here, defendant's removal was untimely because it was ascertainable from the outset that the case was removable.  See Durham, 445 F.3d at 1250.  Based on the number of violations and the more than 1,000 person class size alleged in the complaint, defendant could have reasonably concluded from the outset that the amount in controversy would exceed $5 million.  Moreover, defendant's argument that it was only able to ascertain removability for the first time upon receipt of plaintiff's discovery responses fails, because the new information did not reveal any additional facts that defendant needed to ensure that the amount in controversy would exceed CAFA's $5 million threshold.[5]  Moreover, because the case still involves the same claims brought on

---

[5] The only new information from plaintiff's supplemental responses that defendant cites to in its notice was the frequency by which plaintiff was denied her meal breaks and rest periods (two to fifteen meal and/or rest breaks per week) and the amount of time plaintiff was made to work off-the-clock (twenty minutes to one hour per week).  The frequency by which plaintiff was denied her meal breaks and rest periods was not a critical discovery because plaintiff has always sought unpaid wages and penalties based on the claim that *all* class members "were also prevented from taking all daily meal
(footnote 5 continued)
periods . . . and also prevented from taking any and all rest breaks." See Compl. ¶ 5.  Therefore, from the outset defendant could have calculated the amount in controversy under the assumption that all rest breaks and meal periods had been denied to class members.  Moreover, even though defendant uses the fact that plaintiff was required to work off-the-clock approximately twenty minutes to one hour per week in its calculation

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | O |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

behalf of the same putative class on the same set of facts as when the case was originally filed, plaintiff's discovery responses did not change the nature of the case such that a resetting of the removal clock would be warranted.

Therefore, the Court finds that the thirty day time period for removal began running when the complaint was first filed on November 4, 2009. As such, defendant's motion to remove was untimely because it was filed five months after that date. Additionally, the Court finds that defendant waived its right to remove when it demurred to dismiss the class allegations, a substantial affirmative action in which defendant submitted issues for determination in state court. By doing so, defendant indicated its willingness to litigate in state court before it filed its notice of removal to federal court.

### B. Amount in Controversy

Because the Court finds that defendant's removal was untimely and defendant waived its right to remove, the Court need not reach the question of whether the amount in controversy is satisfied under CAFA.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand the action to Los Angeles Superior Court.

IT IS SO ORDERED.

---

of damages for plaintiff's off-the-clock allegations, knowing this specific fact was not determinative in ascertaining that the $5 million threshold would be met given that defendant estimates that damages for this particular claim would only amount to $65,766. Defendant's calculations are otherwise based on approximations about the class size, number of hours worked, and average hourly wage, factors that were either stated explicitly in plaintiff's complaint or could easily have been discovered by defendant upon independent research of its own business practices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 10-2984 CAS (Ex) | Date | June 28, 2010 |
|---|---|---|---|
| Title | NICOLE HOLLINGHURST; ETC., ET AL. v. LACOSTE USA | | |

                                                                    00  :  12
                                      Initials of Preparer           CMJ